

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-17-2009

# USA v. Jemain Davis

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3271

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Jemain Davis" (2009). *2009 Decisions.* Paper 1735.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1735

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3271

UNITED STATES OF AMERICA

v.

JEMAIN Z. DAVIS,
                                        Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. Crim. No. 08-cr-00015-1)
District Judge:  The Honorable Gregory M. Sleet

Submitted Under Third circuit LAR 34.1(a)
March 5, 2009

Before: BARRY, GREENBERG, <u>Circuit Judges</u>, and ACKERMAN,[*] <u>District Judge</u>

(Opinion Filed: March 17, 2009)

OPINION

---

[*] Honorable Harold A. Ackerman, Senior United States District Judge for the District of New Jersey, sitting by designation.

BARRY, <u>Circuit Judge</u>

Appellant Jemain Davis has appealed his judgment of sentence. Davis's counsel filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Davis has not filed a supplemental brief. We will affirm the judgment of sentence, and grant counsel's motion to withdraw.

I.

Because we write solely for the benefit of the parties, we provide only a brief recitation of the facts underlying this case. Davis pled guilty to two counts, one for conspiracy to commit wire fraud and one for execution of an illegal monetary transaction. These crimes revolved around Davis's participation in a fraud involving the submission of false claims to the Delaware Bureau of Unclaimed Property. Davis would sign false claim applications, and submit those applications to an employee of the Bureau also involved in the fraud. That employee would process the false claims, and Davis would pocket a portion of the fraudulently-procured funds. After this fraud was discovered by the authorities, Davis pled guilty and was sentenced to 18 months' imprisonment. This timely appeal followed; in response, Davis's counsel filed a motion to withdraw and supporting brief pursuant to *Anders*.

II.

"Where, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to

withdraw and supporting brief pursuant to *Anders*." Third Circuit L.A.R.109.2(a). When we are faced with an *Anders* brief, we look at whether appellant's counsel has "adequately fulfilled the rule's requirements" and whether our own "independent review of the record presents any nonfrivolous issues" for appeal. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

### III.

Here, we are persuaded that counsel for appellant has satisfied his obligations under *Anders* and our Local Rules. Counsel identifies only one potential issue for appeal: to wit, the reasonableness of Davis's sentence.[1] Davis was sentenced to 18 months imprisonment, a term below the suggested and undisputed Guidelines range of 24-30 months. The District Court meaningfully considered and discussed Davis's personal background, the nature of the offense, other relevant factors under 18 U.S.C. § 3553(a), and the arguments of the parties. Any appeal challenging Davis's sentence on reasonableness grounds, whether procedural or substantive, would be patently frivolous.

### III.

Davis's counsel has met his obligations, and our independent review of the record convinces us there are no nonfrivolous issues for appeal. Thus, we will affirm the judgment of sentence and grant counsel's motion to withdraw.

---

[1] It is not surprising that counsel can identify only one issue, given that Davis pled guilty rather than going to trial.